**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAKIR LOVESTORM,                  :
a/k/a Derrick Headen,              :
                                   :    Civil Action No. 07-4447 (SDW)
            Plaintiff,             :
                                   :
      v.                           :    **OPINION**
                                   :
MARTIN BARTNER, et al.,            :
                                   :
            Defendants.            :

**APPEARANCES:**

Plaintiff pro se
Shakir Lovestorm
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**WIGENTON,** District Judge

    Plaintiff Shakir Lovestorm , a prisoner currently confined at Passaic County Jail in Paterson, New Jersey, seeks to bring this action in forma pauperis pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on or about August 14, 2007, the defendants named herein published information in the newspaper, television, and internet, that he was a five-star general of an infamous 93 blood gang.  The reports also included his address, allegedly placing the lives of his family in danger.  Plaintiff alleges that these actions deprived him and his family of life and liberty in violation of the Due Process Clauses of the Fifth and Fourteenth Amendment to the U.S. Constitution.

Plaintiff seeks damages in the amount of $50,000,000.00. Plaintiff names as defendants Star Ledger Publisher George E. Arwady, Star Ledger Editor Jim Willse, New Channels 12, 5, 2, 9, 11, and 4, the Internet, and the following individuals identified only by name: Martin Bartner, John F. Dennan, Dennis Carletta, Bob Gray, Richard A. Danze, Robert C. Provost, Peter J. Dondero, Fran Dauth, Tom Curran, Charles Cooper, Kevin Whitmer, Chris D'Amico, John Hassell, David Tucker, Steve Liebman, Mark Miller,

Pim Van Hemman, Rosemary Parrillo, Sharon Russell, and Susan Olds.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what

the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  <u>See also</u> <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d at 906 (a court need not credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with

4

prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. Bivens v. Six Unknown Agents

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages. The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979). But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988).

IV.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

V.   ANALYSIS

Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor. Packard v. Provident National Bank, 994 F.2d 1039 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993); Temple Univ. v. White, 941 F.2d 201 (3d Cir. 1991), cert. denied sub nom. Snider v. Temple Univ., 502 U.S. 1032 (1992); TM Marketing, Inc. v. Art &

Antiques Assocs., L.P., 803 F. Supp. 994 (D.N.J. 1992). If jurisdiction is lacking, the court must dismiss the action, regardless of the stage of the litigation. Trent Realty Assocs. v. First Federal Sav. & Loan Ass'n, 657 F.2d 29, 36 (3d Cir. 1981); TM Marketing, supra, 803 F. Supp. at 997; Carney v. Dexter Shoe Co., 701 F. Supp. 1093, 1100 (D.N.J. 1988). A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power. See First American Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction). This complaint does not meet the requirements for either federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

 Pursuant to 28 U.S.C. § 1331, Congress has established jurisdiction in the federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." Although Plaintiff asserts that his claims arise under the Due Process Clauses of the Fifth Amendment, which suggests an attempt to state a Bivens-type claim, and the Fourteenth Amendment, which suggests an attempt to state a § 1983 claim, thus invoking § 1331 federal-question jurisdiction, the

7

facts pleaded by him reveal no claim arising under federal law, no federal actor, no recognized <u>Bivens</u>-type claim, and no state actor.

The basis of Plaintiff's action, instead, is that various media outlets and individuals have published information about him that either violates his privacy or is libellous. At most, these allegations suggest a tort claim under state law. Thus, there is no basis for federal-question jurisdiction under 28 U.S.C. § 1331.

In his Civil Cover Sheet, Plaintiff also alleges jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, but this Court can discern no basis for diversity jurisdiction. Section 1332 can provide jurisdiction over state-law claims if, in the provision pertinent here, such claims are between "citizens of different States." It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, <u>i.e.</u>, each plaintiff must be a citizen of a different state from each defendant. <u>Owen Equipment and Erection Co. v. Kroger</u>, 437 U.S. 365 (1978). In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction. <u>Id.</u>

In the present case, Plaintiff has failed to provide information regarding the citizenships of all of the defendants, but he has marked on the Civil Cover Sheet that some of the defendants are citizens of this state and that some of the corporate defendants are incorporated or have their principal place of business in this state. Plaintiff alleges that he is domiciled in New Jersey. Thus, based upon the allegations of the Civil Cover Sheet, diversity of citizenship is lacking. Federal jurisdiction under 28 U.S.C. § 1332 consequently is lacking.

The Court is mindful that Plaintiff appears here as a pro se plaintiff and therefore his complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, the Court can discern no basis for asserting jurisdiction over this action. "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Packard v. Provident Nat'l Bank, supra, 994 F.2d at 1045. For a court properly to assume jurisdiction over an action under § 1332, complete diversity must be apparent from the pleadings. Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd., 777 F. Supp. 1153 (S.D.N.Y. 1991) (complaint dismissed for lack of diversity jurisdiction where corporate plaintiff failed to allege its own and defendant corporation's principal places of business). Thus, in the present case, where the complaint is

silent as to the citizenships of the defendants, but the Civil Cover Sheet affirmatively pleads Plaintiff's and certain defendants' common New Jersey citizenship, dismissal for lack of jurisdiction is proper.  See Joyce v. Joyce, 975 F.2d 379 (7th Cir. 1992) (affirming district court's sua sponte dismissal for lack of subject-matter jurisdiction where jurisdictional defect was incurable).

## V.   CONCLUSION

Because Plaintiff is appearing pro se, and because Plaintiff may be able to plead facts sufficient to demonstrate that this Court has subject matter jurisdiction to entertain this action, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. An appropriate order follows.


                                   **/s/   Susan D. Wigenton**
                                   United States District Judge

**Dated**: OCT. 15, 2007